THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Alex Claude
 Sheriff, Appellant.
 
 
 

Appeal from Edgefield County
 Diane Schafer Goodstein, Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-521
Submitted September 2, 2008  Filed
 September 9, 2008    
AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Christina J. Catoe, all of Columbia; and Solicitor Donald V.
 Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM:  Alex Claude Sheriff, appeals his
 convictions for possession of contraband, possession with intent to distribute
 marijuana, and criminal conspiracy.  Sheriff argues the trial court erred in
 not allowing him to introduce evidence of his prior guilty pleas. We affirm.[1]
FACTS AND PROCEDURAL HISTORY
Sheriff
 was a prisoner at Trenton Correctional Institution in Edgefield.  He was
 working on a road crew assisting with maintenance of an area park.  The
 contraband officer for the prison had received information that the road crew
 was bringing drugs into the prison, so he went out to search the park.  The
 officer discovered a brown bag containing marijuana and cocaine stuffed between
 the wall and the sink in the mens bathroom. The officer replaced the package
 with a decoy package and observed the road crew on its next assignment at the
 park.  Sheriff and another inmate, Herbert Jones, walked directly to the
 bathroom, and officers found the decoy package stuffed inside Joness boot. 
 Jones testified that he and Sheriff were in on the plan together.  Sheriff
 eventually told the officers that he was involved with bringing the drugs into
 the prison.  
STANDARD OF REVIEW
The admission or exclusion of evidence is a matter addressed to
 the sound discretion of the trial court[,] and its ruling will not be disturbed
 in the absence of a manifest abuse of discretion accompanied by probable
 prejudice.  State v. Douglas, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48
 (2006). 
LAW/ANALYSIS
On
 appeal, Sheriff argues the trial court erred in not allowing him to introduce
 evidence of his prior guilty pleas to various criminal charges. The defense
 hoped to offer the evidence to show that Sheriff had pled guilty on previous
 occasions and therefore, if he was guilty of the present charges, would have
 pled guilty as well.[2] 
 The trial court did not allow the proffered testimony regarding the disposition
 of the previous charges, because it would improperly bolster his credibility.  
According
 to Rule 608(b) of the South Carolina Rules of Evidence, [s]pecific instances of the conduct of a witness, for the purpose of
 attacking or supporting the witness[s] credibility, other than
 conviction of crime as provided in Rule 609, may not be proved by extrinsic
 evidence.  (emphasis added).  The evidence may be introduced on
 cross-examination if probative of truthfulness or untruthfulness.  Id.  Rule 609 deals strictly with using criminal convictions to impeach a witness.  It
 provides that certain convictions are admissible, and notes that there is no
 distinction between a conviction resulting from a trial or a guilty plea.  See SCRE 609 (For the purposes of this rule, a conviction includes a conviction
 resulting from a trial or any type of plea . . . .).
Applying
 these rules to the facts of this case, Rule 609 indicates that the disposition
 of Sheriffs prior charges is irrelevant.  It only matters that he was
 ultimately convicted of the charges.  Consequently, the evidence is
 inadmissible.  See SCRE 402 (Evidence which is not relevant is not
 admissible.).
The
 fact that Sheriff previously pled guilty is likewise inadmissible under Rule
 608.  If the act of pleading guilty is considered a specific act of conduct, it
 cannot be proved extrinsically to support the witnesss credibility.  That is
 exactly what Sheriff was attempting to do by contrasting his prior behavior
 with his decision to go to trial on the charges in this case.  Because
 Sheriffs guilty pleas were irrelevant under Rule 609 and would improperly
 bolster his credibility under Rule 608, the trial court did not abuse its
 discretion in refusing to admit Sheriffs testimony about his prior guilty
 pleas.    
Based on the foregoing, the ruling of the circuit court is 
AFFIRMED.
ANDERSON,
 WILLIAMS, and KONDUROS, JJ., concur.

[1]  This case was decided without oral argument pursuant
 to Rule 215, SCACR.
[2]  The proffered testimony consisted of the following
 exchange:

 Q.  Mr. Sheriff, youve got the prior convictions
 that we spoke about, correct?
 A.  Yes sir.
 Q.  Were those convictions at trial or did you
 plead guilty?
 A.  I plead guilty.
 Q.  And have you plead not guilty to
 this charge?
 A.  To this charge?
 Q.  The one youre here for.
 A.  I plead not guilty.
 Q.  Why are you not pleading guilty to
 this charge?
 A.  Because Im not guilty of this
 charge.